IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-80270-TJM |
| SHERLYN SAWYER, ) | A10-8032-TJM |
| ) | 8:10CV189 |
| Debtor(s). ) | |
| SHERLYN SAWYER, ) | CHAPTER 7 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| OMAHA 100, INC.; JERRY DANTZLER; ) | |
| and FIRST NATIONAL BANK OF OMAHA, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the court on the motions to dismiss the adversary complaint filed by First National Bank of Omaha (Fil. #4) and Jerry Dantzler and Omaha 100, Inc. (Fil. #10). Robert J. Bothe and Patrick E. Brookhouser, Jr., represent First National Bank of Omaha; Jeffrey A. Wagner represents Jerry Dantzler and Omaha 100, Inc.; and John M. Carter represents the debtor. Briefs were filed and the motions were taken under advisement without oral arguments.

The debtor filed a post-petition complaint in state court on April 13, 2010, against these defendants alleging violations of state and federal consumer protection and fair debt collection statutes and seeking injunctive and declaratory relief, an accounting, rescission, and quiet title, as well as damages for wrongful foreclosure.[1] The defendants removed the action to federal district court, which referred it to this court in connection with the pending bankruptcy case. The parties each filed status reports at the request of this court, and the defendants moved to dismiss the complaint for failure to state a claim. The debtor did not resist the motion to dismiss, but instead filed an amended complaint which is substantially the same as the original complaint, although she removed references to a class action, predatory lending, and unlawful and unfair business practices. All parties agree this lawsuit belongs in bankruptcy court, but the defendants maintain it should be dismissed, both for failure to state a claim and because it raises issues that have already been decided in the context of the previously granted motion for relief from stay.

The debtor executed a promissory note to Omaha 100, Inc., on December 13, 2005, for $78,160.00 with an annual interest rate of five percent. To secure that note, she gave Omaha 100, Inc., a deed of trust on Lot 5, Fontenelle View Two Replat 2, an addition to the City of Omaha as

---

[1] The defendant Omaha 100, Inc., obtained relief from the automatic stay on March 22, 2010, to proceed with foreclosure.

surveyed, platted and recorded in Douglas County, Nebraska. That property was her primary residence at 4557 Butler Avenue in Omaha. Under the terms of the note, the debtor was to make monthly payments beginning on February 1, 2006. According to the evidence submitted by Omaha 100, Inc., in March 2010 on its motion for relief in the underlying bankruptcy case, the debtor defaulted by failing to make the payments due on November 1, 2009, and thereafter.

The debtor alleges in her complaint that in March 2009 she took steps to restructure the loan with the defendants and worked out a payment plan to allow her to catch up on delinquent payments. She alleges that she contacted the defendants in an effort to reaffirm the debt in bankruptcy but her offer was rejected.

She also alleges that, at some unidentified point in time, she sought housing assistance from Family Housing Advisory Services ("FHAS"), a private, non-profit organization which assists families in attaining and maintaining home ownership. Omaha 100, Inc., works with FHAS to provide mortgage financing. The debtor asserts that Omaha 100, Inc., through its program director defendant Jerry Dantzler, refused to assist her because she had filed bankruptcy.

Federal procedural rules require a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008(a). The court accepts "as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).

The United States Supreme Court recently modified the standards for courts to consider when scrutinizing a complaint pursuant to a Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

> The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise

>a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n. 3. The complaint must "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005). Otherwise, a plaintiff with no hope of showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim. Id.

Schaaf, 517 F.3d at 549.

To the extent the debtor is alleging fraud, Federal Rule of Civil Procedure 9(b), adopted by Federal Rule of Bankruptcy Procedure 7009, requires that circumstances constituting fraud must be stated with particularity. Rule 9(b) is interpreted "'in harmony with the principles of notice pleading,' and to satisfy it, the complaint must allege 'such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) (quoting Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002)). Some courts have analogized this to news reporting, covering the who, what, when, where, and how of the alleged fraud. Drobnak, 561 F.3d at 783, 784. While a fraud complaint usually "'must provide some representative examples of [the] alleged fraudulent conduct,' specifying 'the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result,'" United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009) (quoting United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556-57 (8th Cir. 2006)), in instances where "the facts constituting the fraud are peculiarly within the opposing party's knowledge, . . . such allegations may be pleaded on information and belief." Drobnak, 561 F.3d at 783-84. In Drobnak, the plaintiffs alleged fraud against a window manufacturer for design and manufacturing issues concerning insulated windows. The fraud counts were properly dismissed, the appellate court ruled, because the plaintiffs made "sweeping allegations" but did not plead facts to support their allegations or identify the facts upon which their belief was based. Moreover, "[a]t the time the suit was filed, the plaintiffs – not Andersen – had sole access to the factual underpinnings supporting the conclusion that their windows did not contain inert gas," so the plaintiffs should not have had to rely on information and belief and should have been able to plead with more specificity.

The allegations, of fraud and otherwise, in both the complaint and the amended complaint in the present case are vague and sweeping. They do not meet the plausibility standard required by the Supreme Court.

First, with regard to First National Bank of Omaha ("FNBO"), there is no "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is impossible to tell from either complaint what connection FNBO may have to this matter. As noted in Iqbal, the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," id., so the debtor must state more than merely her suspicion that FNBO has somehow acted nefariously against her interests.

Second, according to the complaints, Omaha 100, Inc., is the holder of the note and has been since the note was created. As the moving party on the motion for relief, Omaha 100, Inc., produced the executed note and deed of trust.[2] That clearly exempts Omaha 100, Inc., from the provisions of the Fair Debt Collection Practices Act because Omaha 100, Inc., is a creditor, not a debt collector under that statute. See Hampton v. Countrywide Home Loans, 2009 WL 1813648 (D. Neb. June 24, 2009).

Third, the allegations of fraudulent conduct by Omaha 100, Inc., and Jerry Dantzler apparently relate to their unwillingness to work out a payment plan with the debtor, although that is not entirely clear. Again, the muddled facts and broad suggestions of general wrongdoing do not meet the minimal standards required to move forward with the complaint. See DeVary v. Countrywide Home Loans, Inc., ___ F. Supp. 2d ___, 2010 WL 1257647 (D. Minn. Mar. 25, 2010). In DeVary, the plaintiff challenged the validity of his loan, complaining of violations of the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Minnesota Deceptive Trade Practices Act. The court dismissed the count regarding deceptive trade practices because DeVary's amended complaint was unclear as to "exactly who committed fraud, exactly how that person committed fraud, or exactly when that person committed fraud." Id. at *13. Instead, the amended complaint listed "vague and conclusory statements cribbed from [the statute's] list of deceptive trade practices." Id. However, "[m]erely reciting portions of the statute does not come close to satisfying Rule 9(b)'s particularity requirement." Id.

Fourth, the debtor seeks an accounting from Omaha 100, Inc. It is unclear what purpose that would serve now, since relief has been granted on the house and she is set to receive a discharge in her Chapter 7 case. To a large degree, the complaint and amended complaint appear to be attempted collateral attacks on the order granting relief from the automatic stay to Omaha 100, Inc. An adversary proceeding is an ineffective way to challenge the relief order, particularly without seeking a stay of the foreclosure.

Finally, the defendants assert that judicial estoppel precludes the debtor from pursuing her claims in this case because they are pre-petition claims which she did not list on her bankruptcy schedules. In response, she states that she was not aware of the claims until the motion for relief was granted, post-petition. Because Rules 9(b) and 12(b)(6) are dispositive here, I need not address the issue of judicial estoppel.

The motions to dismiss by both defendants should be granted. The complaint contains no facts at all stating a claim for relief against FNBO. The court is hard-pressed to find a claim for relief in the allegations against Omaha 100, Inc., and Jerry Dantzler. Neither of these defendants appears to be a debt collector as contemplated by the Fair Debt Collection Practices Act. To the extent the

---

[2] While a court generally may not consider materials outside the pleadings when ruling on a motion to dismiss under Rule 12(b)(6), it may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings. Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008).

debtor is attempting to allege fraud against either or both of those defendants, she has not met the particularity requirements of Rule 9(b) in stating the "who, what, when, where, and how " of the purported fraud. Relief from the stay has previously been granted to Omaha 100, Inc., to proceed with foreclosure of the property at issue here, so, to the extent this is a collateral attack on that order, it is impermissible. The amended complaint filed by the debtor in response to the motions to dismiss does not cure any of these deficiencies.

IT IS ORDERED: The motion to dismiss the adversary complaint filed by First National Bank of Omaha (Fil. #4) is granted without prejudice. The motion to dismiss the adversary complaint filed by Jerry Dantzler and Omaha 100, Inc. (Fil. #10) is granted without prejudice.

DATED:    July 22, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the court to:
    John M. Carter
    *Robert J. Bothe
    *Jeffrey A. Wagner
    *Patrick E. Brookhouser, Jr.
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.